# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **NICOLE YVETTE WINSTON** | * | |
| **Plaintiff,** | | |
| **v.** | * | **CIVIL ACTION NO. PWG-16-1797** |
| | | |
| **OFFICE OF NAVAL RESEARCH** | * | |
| **Defendant.** | | |
| | ***** | |

## MEMORANDUM OPINION

On June 2, 2016, the Court received for filing the above-captioned complaint filed by self-represented plaintiff Nicole Yvette Winston, a resident of Fort Washington, Maryland.  Ms. Winston sues the Office of Naval Research, raising claims of

> 1) violations of U.S. constitutional rights . . . ,[1] 2) violations of the Universal Declaration of Human Rights; 3) violations of Article 19 of the Maryland Declaration of Rights, 4) harm to economic and dignitary interests [defamation], 5) fraud, 6) conspiracy, 7) intentional infliction of emotional distress, 8) tortious interference with family relationships, and 9) loss of consortium[,][2] [as well as] civil rights violations under 10) 42 U.S.C. § 1981 . . . and 11) 42 U.S.C. § 1983 . . . [i]n addition to claims under human subject research statutes . . . .

Compl. ¶¶ 1–2, ECF No. 1.  Despite the fact that Plaintiff captioned her case "In the Circuit Court of Prince George's County, Maryland," she invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332 and seeks leave to proceed without prepayment of the filing fee.

Because Ms. Winston is proceeding as a self-represented litigant, the court must liberally construe her complaint allegations.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This

---

[1] Ms. Winston cites to 42 U.S.C. §§ 1981 & 1983 and makes reference to the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment of the Constitution and federal and state regulatory provisions.  Compl. 3-6, ECF No. 1.

[2] Ms. Winston filed two other complaints on June 2, 2016.  *See Winston v. Md. Dep't of Human Res.*, No. JKB-16-1795 (D. Md.); *Winston v. Air Force Review Boards Agency*, No. PJM-16-1796 (D. Md.).

Court is not required, however, to conjure up questions never squarely presented to it.[3]   *See*

*Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985).  Further, a pleading which sets

forth a claim for relief shall contain a short and plain statement of the grounds upon which the

court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is

entitled to relief; and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P.

8(a).  The facts alleged must be enough to raise a right to relief above the speculative level and must

be "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion

couched as a factual allegation."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Under Federal Rule of Civil Procedure 8, a complaint

must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for

the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court must also be mindful,

however, that it should not allow defendants to be subjected to "paranoid *pro se* litigation . . .

alleging . . . a vast, encompassing conspiracy," unless the plaintiff meets a "high standard of

plausibility."  *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

　　Ms. Winston states that she is a law school graduate who was employed at the Office of

Naval Research ("ONR") as a summer employee while in undergraduate school from 1992 to 1994,

as an administrative assistant from 1995–96, and after her law school graduation from 1999 to

2000.[4]  Compl. ¶ 3.  She claims that she has been subject to "harassment, harm, and intentional

unemployment" and "realize[d] that there [have] been various conspiracies that existed since [her]

---

[3] A federal court does not act as an advocate for a self-represented claimant.  *See Brock v. Carroll*, 107 F.3d
241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v.
Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

[4] Ms. Winston states she was "sworn into the D. C. Bar in October of 2001 and voluntarily resigned in May of
2007."  Compl. 2.

sophomore year in college." *Id.*  Ms. Winston believes that the ONR is the "initial organizer and/or funder of this long running operation against [her]." *Id.*  She points to an unspecified "operation," allegedly funded or supported by the ONR, which subjected her to "public ridicule and harm." *Id.* ¶ 4.  Ms. Winston seeks "noneconomic (general) damages in the amount of $815,000.00, economic (special) damages in the amount of $266,611.55 for the student loan, and punitive damages of at least $815,000.00." *Id.*; *see* Compl. 12–13.

Ms. Winston contends that her civil rights were violated and that her "privacy at home was being violated," as she was "hearing constant noises behind the walls," *id.* ¶ 7, and her "medical privacy is being violated, to include lack of medical information and care," *id.* ¶ 9.  In addition, she mentions that she has "developed serious heart problems" and "gynecological concerns," as well as "hormonal changes," which she attributes to the being "part of some unauthorized medical program." *Id.* ¶ 10.  She "speculat[es] . . . that [her] parents were being subjected to manipulation for many years as well." *Id.*  Ms. Winston suggests that she has been subject to biomedical research without her consent. *Id.* ¶¶ 11–12.  She claims that, due to this "operation," she has been "intentionally kept underemployed," resulting in her health being "significantly compromised" and causing her to suffer "extreme aggravation and frustration as well as severe depression and anger." *Id*. ¶¶ 13, 28.  She seeks the tolling of the applicable statute of limitations, based on the discovery rule, the continuing harm theory, and fraud. *Id*. ¶ 29.

Ms. Winston has not paid the filing fee.  Instead, she has filed a motion for leave to proceed in forma pauperis, ECF No. 2, which shall be granted.  Title 28 U.S.C. §§ 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee.  To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to

state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see* 28 U.S.C. § 1915A(b)(l) (same).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a self-represented litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"). As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 490 U.S. at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

Even when providing a generous review to the self-represented complaint, the Court finds it appropriate to dismiss Ms. Winston's complaint. *See Twombly*, 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28. Ms. Winston presents a litany of

4

claims against the ONR, but does not demonstrate, much less allege, how it is responsible for her alleged injuries.   Ms. Winston's allegations are made without any viable factual supporting allegations and are completely implausible.   It is appropriate to dismiss her action under 28 U.S.C. § 1915(e)(2)(b)(ii).   A separate order follows.


Date: <u>August 9, 2016</u>                                    <u>                    /S/                    </u>
                                                                          Paul W. Grimm
                                                                          United States District Judge